2025-134

_____

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

IN RE MOTOROLA SOLUTIONS, INC.,
*Petitioner*.

_____

Petition for a Writ of Mandamus to the
Director of the United States Patent and Trademark Office,
Patent Trial and Appeal Board Nos. IPR2024-01205, IPR2024-01206,
IPR2024-01207, IPR2024-01208, IPR2024-01284, IPR2024-01285,
IPR2024-01313 & IPR2024-01314

_____

# MOTION FOR LEAVE OF TEODOR HOLMBERG
# TO FILE *AMICUS* BRIEF IN SUPPORT OF
# MOTOROLA SOLUTIONS INC.'S
# PETITION FOR A WRIT OF *MANDAMUS*

_____

Teodor J. Holmberg
8 Gregory Lane
Florence, MA 01062
(401) 225-4538

*Amicus Curiae*

I, Teodor J. Holmberg, respectfully request leave under Fed. R. App. P. 29(a)(3) to file the attached *amicus curiae* brief in support of Motorola's petition for a writ of mandamus. This is a motion for **leave** under Fed. R. App. P. 29(a)(2) such that a statement of consent or opposition under Fed. Cir. R. 27(a)(2) is believe to be unnecessary.

Pursuant to Fed. R. App. P. 29(a)(6), I also request leave for filing this *amicus* brief after the prescribed 7 days after the principal brief at least on the grounds that (1) it is believed no prejudice or harm will result because both parties have extended their filing dates into August (see [ECF Docket No. 022]); (2) I have only recently became aware of the case; (3) this is believed to be a brief-based matter. Further pursuant to Fed. R. App. P. 29(a)(6), it is expected that if the court does grant leave for this later filing, time may be given for the parties to file an opposition to this motion.

Pursuant to Fed. Cir. R. 27(a)(3) and Fed. Cir. R. 47.4, a copy of the separately-filed Certificate of Interest filed earlier today is attached hereto, as well as to the *amicus* brief (pursuant to Fed. Cir. R. 29(a)). My understanding is that, because I am an individual and not a law firm, corporation, or organized group, I need not make the customary Certificate Of Interest with every filing (even though I have done so here out of an abundance of caution).

Pursuant to Fed. R. App. P. 29(a)(3)(A), my interest here is for the rules: all of us have to follow them, including the U.S. Patent & Trademark Office (PTO). As discussed in the brief, I am concerned that the PTO believes, based on some statements by this court in *Apple v. Vidal*,* that the PTO is completely free to promulgate any standards, procedures, substantive rules, *etc*., regarding *inter partes* review (IPR) institution under 35 U.S.C. §314(a) without fear of judicial review because of 35 U.S.C. §314(d)'s prohibition on reviewability. At the least, I believe the court should clarify what is reviewable about the PTO's standards and procedures for IPR institution under 35 U.S.C. §314(a) in light of 35 U.S.C. §314(d)'s prohibition on reviewability.

Pursuant to Fed. R. App. P. 29(a)(3)(B), the accompanying *amicus* brief is desirable because it provides context for this court to consider, *viz*., the PTO's current standards and procedures for IPR institution under 35 U.S.C. §314(a), as issued in an internal memo in March of this year. I believe this and other matters raised in the *amicus* brief are relevant to the disposition of this case because, when viewed in this case and in view of co-pending cases *Apple v. Stewart*, Fed. Cir. Docket No. 24-1864, and *In re SAP*, Fed. Cir. Docket Nos. 25-132 and 25-133, it provides a sampling over the past four years of the PTO's attempted and promulgated standards and procedures for IPR denials under 35 U.S.C. §314(a) (and

---

* *Apple v. Vidal*, 63 F.4th 1 (Fed. Cir. 2023).

35 U.S.C. §316(a)(2)) sufficient for this court to form a framework for the reviewability (if any) of the PTO's standards and procedures for IPR denials in light of 35 U.S.C. §314(d).

Pursuant to Fed. R. App. P. 32(g), a certificate of compliance with the type-volume limitations of 5,200 words for motions under Fed. R. App. P. 27(d)(2)(A) is attached hereto.

Pursuant to Fed. Cir. R. 25(e)(1), no certificate of service is attached hereto because this motion for leave is being filed via the court's electronic filing system, and thus all parties are being served via the court's electronic filing system.

For the reasons listed above, the Court should grant leave for the filing of the accompanying brief *amicus curiae*.

Respectfully submitted,

July 30, 2025　　　　　　　　　　　　　By:　*/s/ Teodor Holmberg*

　　　　　　　　　　　　　　　　　　　　　Teodor J. Holmberg
　　　　　　　　　　　　　　　　　　　　　tidge@computer.org
　　　　　　　　　　　　　　　　　　　　　8 Gregory Lane
　　　　　　　　　　　　　　　　　　　　　Florence, MA 01062
　　　　　　　　　　　　　　　　　　　　　(401) 225-4538

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 25-134

**Short Case Caption:** In re Motorola Solutions, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __626__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/30/2025

Signature: /s/ Teodor Holmberg

Name: Teodor Holmberg

FORM 9. Certificate of Interest                                                Form 9 (p. 1)
                                                                               March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-134

**Short Case Caption** In re Motorola Solutions, Inc.

**Filing Party/Entity** Teodor Holmberg/movant (amicus curiae)

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/30/2025          Signature: /s/ Teodor Holmberg

                          Name:      Teodor Holmberg

FORM 9. Certificate of Interest                                     Form 9 (p. 2)
                                                                    March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Teodor Holmberg | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                   Form 9 (p. 3)
                                                                  March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)   ☐ No   ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |