No. 25-134

# United States Court of Appeals for the Federal Circuit

IN RE MOTOROLA SOLUTIONS, INC.,

*Petitioner.*

On Petition for a Writ of Mandamus to the
Director of the United States Patent and Trademark Office,
Patent Trial and Appeal Board Nos. IPR2024-01205, IPR2024-01206,
IPR2024-01207, IPR2024-01208, IPR2024-01284, IPR2024-01285,
IPR2024-01313 & IPR2024-01314

## REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Tharan Gregory Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3941

John R. Boulé III
JONES DAY
555 South Flower Street,
Fiftieth Floor
Los Angeles, CA 90071
(213) 243-2251

Matthew J. Silveira
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5715

John A. Marlott
JONES DAY
110 North Wacker Drive,
Suite 4800
Chicago, IL 60606
(312) 269-4236

*Counsel for Petitioner Motorola Solutions, Inc.*

August 11, 2025

# <u>CERTIFICATE OF INTEREST</u>

Counsel for Petitioner Motorola Solutions, Inc. certifies the following:

**1. Represented Entities** (Fed. Cir. R. 47.4(a)(1)) – Provide the full names of all entities represented by undersigned counsel in this case.

Motorola Solutions, Inc.

**2. Real Party in Interest** (Fed. Cir. R. 47.4(a)(2)) – Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

None/Not Applicable

**3. Parent Corporations and Stockholders** (Fed. Cir. R. 47.4(a)(3)) – Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None/Not Applicable

**4. Legal Representatives** – List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

Jones Day:  Joshua R. Nightingale, Hilda C. Galvan (no longer with firm), Christopher A. Buxton (no longer with firm)

**5. Related Cases** – Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

Yes (separate Notice of Related Case Information filed)

**6. Organizational Victims and Bankruptcy Cases** – Provide any information required under Fed. R. App. P. 26.1(b) (organizational

victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None/Not Applicable


Dated:  August 11, 2025

*/s/ Matthew J. Silveira*
Matthew J. Silveira
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5715

# <u>TABLE OF CONTENTS</u>

**Page**

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ................................................................. iv

TABLE OF ABBREVIATIONS ........................................................... viii

INTRODUCTION ................................................................................ 1

ARGUMENT .................................................................................... 3

I.  Blatant Violations of Legal Constraints Are Reviewable. ............. 3

II.  The USPTO's APA Violations Require Writ Relief. ...................... 5

    A.  The Rescission is invalid. ..................................................... 5

    B.  Retroactive application of the Rescission is invalid. ............. 8

    C.  The change-in-position doctrine also compels vacatur. ...... 11

III.  Due Process Independently Warrants Relief. ............................ 14

    A.  The June 2022 Memo created a protected property interest. ............................................................................... 14

    B.  The USPTO's retroactive application of the Rescission establishes Motorola's right to relief. ................................ 16

IV.  There Are No Other Adequate Means to Obtain Relief. .............. 19

V.  Writ Relief Is Appropriate. ......................................................... 20

CONCLUSION ................................................................................ 21

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alberico v. United States,*
    783 F.2d 1024 (Fed. Cir. 1986) ........................................................... 18

*Apple Inc. v. Vidal,*
    63 F.4th 1 (Fed. Cir. 2023) ................................................................. 16

*Ass'n of Flight Attendants-CWA, AFL-CIO v. Huerta,*
    785 F.3d 710 (D.C. Cir. 2015) .............................................................. 7

*Bloch v. Powell,*
    348 F.3d 1060 (D.C. Cir. 2003) .......................................................... 15

*Bowen v. Georgetown Univ. Hosp.,*
    488 U.S. 204 (1988) ............................................................................. 9

*Cleveland Bd. of Educ. v. Loudermill,*
    470 U.S. 532 (1985) ........................................................................... 18

*Coal. for Common Sense in Gov't Procurement v. Sec'y of
    Veterans Affs.,*
    464 F.3d 1306 (Fed. Cir. 2006) ........................................................ 6, 7

*Cuozzo Speed Techs., LLC v. Lee,*
    579 U.S. 261 (2016) ............................................................................. 3

*Dep't of Homeland Sec. v. Regents of Univ. of Cal.,*
    591 U.S. 1 (2020) ............................................................................... 11

*Durr v. Nicholson,*
    400 F.3d 1375 (Fed. Cir. 2005) ...................................................... 9, 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Encino Motorcars, LLC v. Navarro,*
579 U.S. 211 (2016) ............................................................... 12

*FDA v. Wages & White Lion Invs., L.L.C.,*
145 S. Ct. 898 (2025) ............................................................ 11

*Health Ins. Ass'n. of Am., Inc. v. Shalala,*
23 F.3d 412 (D.C. Cir. 1994) ................................................. 9

*IGT v. Zynga Inc.,*
No. 2023-2262, 2025 WL 2045301 (Fed. Cir. July 22, 2025) ....... 2, 3, 4

*In re Palo Alto Networks, Inc.,*
44 F.4th 1369 (Fed. Cir. 2022) ......................................... 3, 19

*In re Power Integrations, Inc.,*
899 F.3d 1316 (Fed. Cir. 2018) ........................................ 4, 5

*Landgraf v. USI Film Prods.,*
511 U.S. 244 (1994) ................................................. 17, 18, 19

*Lincoln v. Vigil,*
508 U.S. 182 (1993) ................................................................ 9

*M.A.K. Inv. Grp., LLC v. City of Glendale,*
897 F.3d 1303 (10th Cir. 2018) .......................................... 15

*Mendoza v. Blodgett,*
960 F.2d 1425 (9th Cir. 1992) ............................................ 16

*Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.,*
989 F.3d 1375 (Fed. Cir. 2021) .................................. 4, 15, 19

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Nat'l Min. Ass'n v. Dep't of Lab.*,
    292 F.3d 849 (D.C. Cir. 2002) (per curiam) .......................................... 8

*Perez v. Mortg. Bankers Ass'n*,
    575 U.S. 92 (2015) ................................................................... 7

*Perry v. Sindermann*,
    408 U.S. 593 (1972) ................................................................ 14

*Rodriguez v. Peake*,
    511 F.3d 1147 (Fed. Cir. 2008) ..................................................... 17

*Sec. People, Inc. v. Iancu*,
    971 F.3d 1355 (Fed. Cir. 2020) ...................................................... 4

*Tarpeh-Doe v. United States*,
    904 F.2d 719 (D.C. Cir. 1990) .................................................. 14, 15

*Town of Castle Rock v. Gonzales*,
    545 U.S. 748 (2005) ................................................................ 15

*Williams Nat. Gas Co. v. FERC*,
    943 F.2d 1320 (D.C. Cir. 1991) ...................................................... 9

**STATUTES**

5 U.S.C.
    § 551(4) ............................................................................. 9

35 U.S.C.
    § 6(a) .............................................................................. 16
    § 314(d) .................................................................... 1, 3, 20

# TABLE OF AUTHORITIES
### (continued)

**Page**

**OTHER AUTHORITIES**

37 C.F.R. § 42.15(a) ................................................................. 13

37 C.F.R. § 42.100-42.123 ...................................................... 21

*HP Inc. v. Universal Connectivity Techs., Inc.*,
   IPR2024-01428, Paper 12, 2025 WL 1040187 (P.T.A.B.
   Apr. 8, 2025) ..................................................................... 6, 11

# TABLE OF ABBREVIATIONS

The following abbreviations are used in this brief.

### *Terms*

| Abbreviation | Term |
|---|---|
| Acting Director's Memo | Memorandum from Coke Morgan Stewart, Acting USPTO Director, to PTAB, "Interim Processes for PTAB Workload Management" (March 26, 2025), Appx113-115 |
| APA | Administrative Procedure Act |
| APJ | Administrative Patent Judge |
| Board or PTAB | Patent Trial and Appeal Board |
| Chief APJ's Memo | Memorandum from Scott R. Boalick, Chief APJ, to PTAB, "Guidance on USPTO's Recission of 'Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation'" (March 24, 2025), Appx110-112 |
| IPR | Inter partes review |
| June 2022 Memo | Memorandum from Katherine K. Vidal, USPTO Director, to PTAB, "Interim Procedure for Discretionary Denials in AIA Post-Grant Proceedings with Parallel District Court Litigation" (June 21, 2022), Appx99-107 |
| Motorola | Motorola Solutions, Inc. |
| Rescission | USPTO Notice, "USPTO Rescinds Memorandum Addressing Discretionary Denial Procedures" (February 28, 2025), Appx108-109 |
| Respondents | Stellar and Acting Director of the USPTO |

| Abbreviation | Term |
|---|---|
| Stellar | Stellar, LLC |
| USPTO | United States Patent and Trademark Office |

### *Citations*

| Abbreviation | Term |
|---|---|
| Appx___ | Appendix at page(s) ___ |
| Pet.___ | Motorola's Petition for Writ of Mandamus at page ___ |
| StellarResp.___ | Stellar's Response to Petition for Writ of Mandamus at page ___ |
| US*MADEBr.___ | Amicus Brief of US*MADE, the National Retail Federation, the High Tech Inventors Alliance, ACT \|The App Association, and the Alliance for Automotive Innovation in Support of Motorola Solutions and the Petition for Relief at page ___ |
| USPTOResp.___ | Acting Director's Response to Petition for Writ of Mandamus at page ___ |

All emphasis is added throughout, and all internal quotation marks and citations omitted, unless otherwise indicated.

## <u>INTRODUCTION</u>

In June 2022, the USPTO Director adopted an absolute, binding rule constraining her and the Board's discretion to deny IPR institution based on parallel litigation.  Relying on that rule, Motorola invested significant resources to prepare and file eight IPR petitions, including paying the USPTO tens of thousands of dollars in fees per petition.  In February 2025, however, the USPTO abandoned rulemaking to replace that rule and instead rescinded it via a three-sentence website post.  Shortly before and after the Rescission, the Board instituted IPR on all eight of Motorola's petitions, consistent with the June 2022 Memo.  Yet the Acting Director vacated the Board's institution decisions by retroactively applying the Rescission in violation of the APA and due process.  On these undisputed facts, Respondents raise three principal arguments in opposition to mandamus, each of which fails.

First, Respondents argue that the USPTO's actions are unreviewable because they led to a discretionary institution decision that is unappealable under 35 U.S.C. § 314(d).  But Motorola is not challenging the exercise of discretion.  It is challenging the Acting Director's Rescission of binding constraints on that discretion and her

retroactive application of the Rescission in violation of the APA and due

process. Those "blatant violations of legal constraints" are reviewable.

*IGT v. Zynga Inc.*, No. 2023-2262, 2025 WL 2045301, at *6 (Fed. Cir.

July 22, 2025).

Second, while the USPTO leaves Motorola's APA arguments

unanswered, Stellar argues that the USPTO did not violate the APA

because the June 2022 Memo was not the product of rulemaking. But

holding that the USPTO did not need to engage in rulemaking to

rescind binding rules simply because it eschewed rulemaking when

adopting those binding rules would allow agencies to ignore rulemaking

requirements altogether. Moreover, accepting Stellar's characterization

of the June 2022 Memo as a policy statement or procedural rule ignores

that policy statements and procedural rules that adversely affect a

party's prospects for success on the merits may operate only

*prospectively*, and thus the Rescission could not permissibly operate

retroactively. Finally, Stellar suggests that the June 2022 Memo could

not have engendered reliance because it was on the books for only three

years. But the USPTO is required to consider reliance interests

regardless of their duration, and it did not here.

Third, Respondents argue that there is no due-process interest in IPR institution and that, in any event, the Acting Director allowed IPR petitioners to argue against discretionary denial under her new rule. That misses the point. Motorola had a protected interest in the limits the Director imposed on the Board's discretion in the 2022 rule. And due process protects the interests in fair notice and repose that retroactive rules compromise. Motorola was entitled to consideration of its IPR petitions under the rules that applied when it filed the petitions.

## **ARGUMENT**

### I. **Blatant Violations of Legal Constraints Are Reviewable.**

Stellar's primary response to Motorola's APA arguments—and the USPTO's only response—is that courts are powerless to review non-constitutional arguments related to institution denial. That is wrong.

Notwithstanding § 314(d), courts may review "blatant violations of legal constraints or other 'shenanigans.'" *IGT*, 2025 WL 2045301, at *6 (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 275 (2016)). That standard must apply equally in the context of reviewing an institution decision on appeal from a final written decision, as in *IGT*, and on mandamus, as here, because "there is no adequate remedy by way of direct appeal of decisions denying institution." *In re Palo Alto*

*Networks, Inc.*, 44 F.4th 1369, 1374 (Fed. Cir. 2022) (citing *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1379-81 (Fed. Cir. 2021)); *accord In re Power Integrations, Inc.*, 899 F.3d 1316, 1321 (Fed. Cir. 2018) (applying *Cuozzo*).

Respondents repeat *Mylan*'s statement that "there is no reviewability of the Director's exercise of his discretion to deny institution except for colorable constitutional claims." 989 F.3d at 1382. But Motorola is not challenging the exercise of discretion; rather, it is challenging the retroactive Rescission of constraints on discretion. And in declining to "explore the outer contours of possibility" for review, *id.*, the Court did not foreclose review of "blatant violations of legal constraints" or "shenanigans" on the way to an institution denial, *IGT*, 2025 WL 2045301, at *6. Moreover, where conduct simultaneously implicates due process and the APA, there is no justification for declining review of APA challenges. Rather, the constitutional-avoidance doctrine encourages that review. *See Sec. People, Inc. v. Iancu*, 971 F.3d 1355, 1361 n.3 (Fed. Cir. 2020).

Respondents also ignore that, before *Mylan*, this Court had already held that, "in response to action by the agency relating to the

non-institution of inter partes review," the full panoply of "circumstances described by the Supreme Court in *Cuozzo* … would be potential candidates for mandamus review." *Power Integrations*, 899 F.3d at 1321.  That is not "dicta."  USPTOResp.17.  *Power Integrations* simply found that the petitioner failed to establish a clear and indisputable right to relief where the petitioner's claim amounted to "nothing more than a challenge to the Board's conclusion that the information presented in the petitions did not warrant [inter partes] review."  899 F.3d at 1320.  Motorola, on the other hand, is challenging the Rescission of binding rules without rulemaking, and the retroactive application of the Rescission to vacate institution decisions.  Those actions are reviewable.

## II.    The USPTO's APA Violations Require Writ Relief.

### A.    The Rescission is invalid.

In disputing that the Rescission required notice-and-comment rulemaking (*see* Pet.21-25), Stellar focuses instead on the June 2022 Memo.  In Stellar's view, that memo was a procedural rule (or a policy statement, or perhaps even an interpretive rule) adopted without rulemaking, and thus it was properly rescinded without rulemaking. StellarResp.18-21 & n.5.

But Motorola seeks review of the Rescission, not the June 2022
Memo.  The June 2022 Memo is at issue only insofar as Motorola
challenges the Rescission's propriety.  And the Rescission violated the
APA regardless of whether the June 2022 Memo was properly adopted
because the Rescission itself "change[d]" the law, *Coal. for Common
Sense in Gov't Procurement v. Sec'y of Veterans Affs.*, 464 F.3d 1306,
1309 (Fed. Cir. 2006), as the Board has recognized, *HP Inc. v. Universal
Connectivity Techs., Inc.*, IPR2024-01428, Paper 12, 2025 WL 1040187,
at *1 (P.T.A.B. Apr. 8, 2025) (describing the Rescission as a "change of
binding guidance"); *see also* Appx111-112 (a *Sotera* stipulation "*will not
be dispositive by itself*" anymore).

Moreover, Stellar—in trying to distinguish *Coalition for Common
Sense*—acknowledges that an agency's description of a rule does not
control its effect.  *See* StellarResp.19-20; Pet.21-22.  Here, the June
2022 Memo established an outcome-determinative standard for how the
Director's discretion would be exercised where parallel litigation is
pending:  "the PTAB *will not discretionarily deny institution* of an
IPR … in view of parallel district court litigation where a petitioner"
presents a *Sotera* stipulation.  Appx105.  "Agency action that creates

new rights or imposes new obligations on regulated parties or narrowly limits administrative discretion constitutes a legislative rule." *Ass'n of Flight Attendants-CWA, AFL-CIO v. Huerta*, 785 F.3d 710, 717 (D.C. Cir. 2015); *Coal. for Common Sense*, 464 F.3d at 1308 n.2 ("Substantive rules are also known as legislative rules."). It is irrelevant that "the USPTO has always had discretion to decline to institute an IPR petition." StellarResp.19. The June 2022 Memo narrowed that discretion.

Relying on *Perez v. Mortgage Bankers Association*, 575 U.S. 92 (2015), Stellar argues that the USPTO had no option other than to rescind the June 2022 Memo without rulemaking because it adopted the June 2022 Memo without rulemaking. StellarResp.21. *Perez* is inapposite. In overruling D.C. Circuit precedent holding that an agency could not revise its indisputably interpretive rules without notice and comment, the Supreme Court did not address whether an agency could avoid rulemaking when changing the law simply by mislabeling a substantive rule. In fact, it declined to consider that issue. *See* 572 U.S. at 107.

Finally, Stellar's alternative argument—that Motorola is not entitled to benefit from the June 2022 Memo because it was adopted without notice and comment—would insulate the USPTO's improper rulemaking from APA review.  The USPTO cannot adopt "binding" rules, apply them for years, and then avoid review of their ad hoc rescission simply by claiming they were never binding in the first place. Because the Rescission of the June 2022 Memo was invalid, the Court should direct the USPTO to set aside the Rescission and vacate the Acting Director's vacatur of the Board decisions granting Motorola's IPR petitions in accordance with the unchallenged June 2022 Memo that was in effect when the petitions were filed.

## B.    Retroactive application of the Rescission is invalid.

Independent of the question whether the Rescission constituted improper rulemaking, the Acting Director's retroactive application of the Rescission violated the APA.  *See* Pet.25-29.

To start, the APA's retroactivity principles apply regardless of how the Rescission is characterized.  "Rather than rely on 'procedural' and 'substantive' labels, a court must 'ask whether the [regulation] operates retroactively.'"  *Nat'l Min. Ass'n v. Dep't of Lab.*, 292 F.3d 849, 859-60

(D.C. Cir. 2002) (per curiam) (critical question is whether "a rule 'changes the law in a way that adversely affects [a party's] prospects for success on the merits of the claim'"). Policy statements may only "advise the public *prospectively* of the manner in which the agency proposes to exercise a discretionary power." *Lincoln v. Vigil*, 508 U.S. 182, 197 (1993) (cleaned up). And "interpretive rules, no less than legislative rules, are subject to [*Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988)]'s ban on retroactivity." *Health Ins. Ass'n. of Am., Inc. v. Shalala*, 23 F.3d 412, 423 (D.C. Cir. 1994). Indeed, without distinguishing by rule type, the APA states that rules must be "of 'future effect.'" *Id.* (quoting 5 U.S.C. § 551(4)); *see also Williams Nat. Gas Co. v. FERC*, 943 F.2d 1320, 1336-37 (D.C. Cir. 1991) (recognizing that rescission equally implicates "retroactive rulemaking").

Yet the Rescission was applied retroactively. It changed the legal consequences of prior conduct by rendering non-dispositive *Sotera* stipulations that, when filed, were dispositive of the *Fintiv* analysis. *See Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (applying new rule "would have impermissible retroactive effect if it would render invalid a notice that was valid when filed"). That the Acting Director

did not expressly reference the Rescission or the Chief APJ's Memo is irrelevant. Pre-Rescission, the June 2022 Memo dictated that the Board "will not" deny institution based on parallel litigation where a *Sotera* stipulation is presented. Post-Rescission, the Acting Director denied Motorola's petitions based on parallel litigation notwithstanding Motorola's *Sotera* stipulations. That is a retroactive application.

Third, to the extent Stellar argues that the Board did not have a practice of applying the June 2022 Memo notwithstanding the Director's "binding" directive, StellarResp.23, it offers nothing to support that position. Indeed, the only pre-Rescission instance Respondents identify where the Board did not rigidly adhere to the June 2022 Memo is in this case, *after* the Acting Director's appointment, and the Board still declined to discretionarily deny based on *Fintiv*. Appx67-71; *see also* US*MADEBr.14-15 ("[A]mici are not aware of a single case in which entry of a *Sotera* stipulation was not outcome-determinative with respect to *Fintiv*'s application under the Vidal memo."). Neither Stellar nor the USPTO dispute that, before the Acting Director's appointment, the Board did nothing but what the "binding" June 2022 Memo required it to do.

Because the Rescission "is inapplicable" to Motorola's IPR petitions, "the requirements of the [June 2022 Memo] govern" them, *Durr*, 400 F.3d at 1380, and therefore the Acting Director's vacatur of the Board's institution decisions should be vacated.

## C. The change-in-position doctrine also compels vacatur.

That the USPTO changed its position is beyond cavil. *See HP*, 2025 WL 1040187, at *1. And, like retroactivity, the change-in-position doctrine applies even to non-substantive rules. *FDA v. Wages & White Lion Invs., L.L.C.*, 145 S. Ct. 898, 918 n.5 (2025) (citing *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1, 18 (2020)). The USPTO violated that doctrine by failing (1) to provide a reasoned explanation for the Rescission and (2) to consider reliance interests.

The question presented under the first prong is not whether "*Fintiv* and *Sotera* … clearly lay out the reasons" *they* were decided, StellarResp.23, but whether the Rescission laid out the reasons for *rescinding* the June 2022 Memo. The Rescission does no such thing. Nor does the Chief ALJ's Memo. Stating that the June 2022 Memo was rescinded "to restore policy in this area to the guidance in place before

the" June 2022 Memo explains *what* the Rescission does, not the

*reasons* for doing so.  Appx110.

That this case does not involve "decades of industry reliance,"

*Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016), is beside

the point.  As the Supreme Court recognized, the extent of reliance

interests may inform the sufficiency of the "reasoned explanation"

provided.  *Id.*  But here, there was no reasoned explanation and no

consideration of reliance interests, period.  The Acting Director did not

provide for a "transition" accounting for reliance interests simply by

stating that her March 26 Memo would apply prospectively.

StellarResp.25.  Rather, the Acting Director's Memo shows that she

knew how to make a rule apply prospectively and that there was no

justification for applying the Rescission retroactively.

Moreover, that the June 2022 Memo was labeled "Interim"

because the USPTO was "planning … rulemaking" did not prevent

petitioners from reasonably relying on it in "the meantime," Appx100,

i.e., until after the USPTO "completed formal rulemaking," Appx107.

And Motorola plainly relied on the June 2022 Memo.  After Stellar

asserted only 14 claims from 8 patents in the parallel litigation,

Motorola devoted its resources to preparing 8 comprehensive IPR petitions challenging all 160 claims of the patents, knowing that, "in accordance with" the June 2022 Memo, presenting *Sotera* stipulations would preclude the discretionary denial of its petitions on *Fintiv* grounds.  Appx116.  It developed litigation strategies, including choosing not to expand its declaratory judgment counterclaims to encompass non-asserted claims that it challenged in the IPR petitions, knowing that meritorious IPR petitions would prevent further exposure to Stellar's patents.  And it dedicated significant resources to its petitions, incurring substantial attorney and expert witness fees, and paying the USPTO hundreds of thousands of dollars in fees.  *See* 37 C.F.R. § 42.15(a) (setting initial fees of $23,750 per IPR petition).  Had Motorola known that its *Sotera* stipulations would *not* remove the possibility of discretionary denial based on parallel litigation, it may have filed narrower IPR petitions earlier or not filed IPR petitions at all, and devoted its time and resources to the district court litigation.

## III.   Due Process Independently Warrants Relief.

### A.   The June 2022 Memo created a protected property interest.

Respondents seek to distract from the USPTO's due process violation (*see* Pet.33-36) by arguing that the Constitution has no role in the exercise of discretion.  But in arguing that "Motorola's citations to cases where statutes or rules created some entitlement supporting a property interest are inapposite," the USPTO refers to cases Motorola never cited and ignores those it did.  USPTOResp.24.

"A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) (cleaned up).  "[S]uch entitlements may derive from statutes and regulations restricting the exercise of official discretion." *Tarpeh-Doe v. United States*, 904 F.2d 719, 722 (D.C. Cir. 1990).  Here, the June 2022 Memo "placed *substantive* limits on official discretion." *Id.*  It contained "'explicitly mandatory language, i.e., specific directives … that if the [June 2022 Memo's] substantive predicates are present, a particular outcome must follow," *id.* at 723; namely, "the PTAB will not

deny institution of an IPR … under *Fintiv* … where a petitioner stipulates not to pursue in a parallel district court proceeding the same grounds as in the petition or any grounds that could have reasonably been raised in the petition," Appx107.

In *Mylan*, by comparison, the petitioner "question[ed] whether deprivation of a property right is required for a due process claim," without "identifying any property right." 989 F.3d at 1383. And in the cases the USPTO cites, the government official's own rules did *not* restrict the exercise of discretion. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005) (relying on the "well established tradition of police discretion"); *Bloch v. Powell*, 348 F.3d 1060, 1069 (D.C. Cir. 2003) (finding Department's regulations "did not cabin the Secretary's statutorily unbounded discretion").

Here, the June 2022 Memo restricted the Board's discretion, creating a legitimate claim of entitlement to the benefit provided by a *Sotera* stipulation—preclusion of a *Fintiv* denial. *See Tarpeh-Doe*, 904 F.2d at 722-23; *see also M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1311 (10th Cir. 2018) ("[I]f the record clearly showed Glendale abused its discretion, M.A.K. would be entitled to a favorable

outcome…. [T]hat sort of entitlement is a property right."); *Mendoza v. Blodgett*, 960 F.2d 1425, 1428-29 (9th Cir. 1992) (finding regulation created a protected interest because the regulation's "substantive predicates and explicitly mandatory language" established that official had no discretion not to follow the regulation's procedures).

Rather than addressing Motorola's case law, the USPTO frames a fundamentally legal question as a "factual" one—asserting that "[t]he June 2022 Memo did not bind the Director." USPTOResp.24. But the USPTO fails to explain why that is true as a factual matter. Instead it cites *Apple Inc. v. Vidal*, 63 F.4th 1 (Fed. Cir. 2023), while ignoring that the Court did not address the June 2022 Memo or any other Director "guidance" to *the Board* in that decision, but rather the designation of Board decisions as "binding on Board *panels*." *Id.* at 8. The USPTO Director *is* part of the Board, 35 U.S.C. § 6(a), and the Director constrains her own discretion when constraining the Board's discretion.

## B. The USPTO's retroactive application of the Rescission establishes Motorola's right to relief.

Because the June 2022 Memo's constraint on the Director's discretion gave rise to a protected interest, the due-process analysis turns on whether the Rescission applied retroactively. And a

determination that it does ends that analysis: If "a rule or regulation appears to have a retroactive effect, then the rule or regulation *cannot be applied* to cases pending at the time of its promulgation." *Rodriguez v. Peake*, 511 F.3d 1147, 1153 (Fed. Cir. 2008) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994)). The Acting Director applied the Rescission retroactively to vacate eight institution decisions on meritorious IPR petitions supported by *Sotera* stipulations at a time when the June 2022 Memo protected Motorola's right to avoid discretionary denial, and then denied Motorola's IPR petitions in contravention of the June 2022 Memo. The Acting Director's vacaturs should be set aside as violative of due process.

The USPTO argues that the Rescission was not retroactive because IPR petitioners have no right to institution or any particular set of discretionary criteria. USPTOResp.28. But that just retreads its argument that Motorola has no protected property interest. Respondents also argue that the Court cannot find retroactivity without considering the nature and extent of the change and considerations of reasonable reliance. *Id.* But, as discussed above in Part II, the change

is extreme and Motorola reasonably relied on a "binding" rule that had been faithfully applied for years.

In arguing that due process requires only notice and an opportunity to be heard, the USPTO relies on case law from outside the retroactivity context. *See* USPTOResp.25 (citing *Alberico v. United States*, 783 F.2d 1024, 1027 (Fed. Cir. 1986) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985))). Where retroactivity is at issue, however, due process "protects the interests in fair notice *and repose*," not an opportunity to be heard. *Landgraf*, 511 U.S. at 266.

Moreover, notwithstanding the USPTO's insistence that Motorola spurned opportunities to be heard, the Acting Director did *not* consider all of Motorola's post-Rescission arguments and evidence. Among other things, she refused to consider Motorola's expanded *Sotera* stipulation because Motorola did not offer it before institution. Appx5. Of course, Motorola had no reason to offer an expanded *Sotera* stipulation pre-Rescission when the June 2022 Memo guaranteed that its petition would not be denied based on parallel litigation so long as it presented a standard *Sotera* stipulation. "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the

law is and to conform their conduct accordingly[.]" *Landgraf*, 511 U.S. at 265.  The Acting Director's retroactive application of the Rescission denied Motorola that opportunity.

## IV.  There Are No Other Adequate Means to Obtain Relief.

This Court has already held that "there is no adequate remedy by way of direct appeal of decisions denying institution." *Palo Alto Networks*, 44 F.4th at 1374.  *Mylan* does not hold otherwise.  In referring to Mylan's ability "to litigate … validity in its own district court case," *Mylan*, 982 F.3d at 1383, the Court was addressing Mylan's failure to establish a property right related to an institution denial grounded in another party's co-pending litigation; it was not addressing adequate alternative remedies.

Moreover, Respondents misstate Motorola's requested relief as "the ability to challenge the validity of Stellar's patents."  Stellar-Resp.16.  In fact, Motorola seeks to vindicate its right to have IPR petitions it prepared and prosecuted in reliance on the June 2022 Memo's rules considered under those rules.  The ability to challenge Stellar's patents in another forum does not remedy the deprivation of that right.

Likewise, a separate APA action is not an adequate means to obtain this relief. The dispute here is not "over whether Motorola can obtain institution of IPR," USPTOResp.34, but over whether the USPTO can rescind rules without engaging in rulemaking and then apply that Rescission retroactively to snuff out Motorola's rights. Neither Stellar nor the USPTO suggests that this injury can be remedied in an APA action, in the parallel Eastern District of Texas litigation, or anywhere else. To the contrary, they claim that § 314(d) insulates the USPTO's conduct from any judicial review.

## V.     Writ Relief Is Appropriate.

Respondents offer a hodgepodge of—mostly derivative—arguments for why they contend writ relief is inappropriate. But the fact remains that the IPR statutes were adopted to streamline the patent system, improve patent quality, and limit unnecessary and counterproductive litigation costs. *See* Pet.37. The Rescission—and its retroactive application—does the opposite. The USPTO's conduct complicates the IPR process and generates new litigation costs while eliminating the utility of costs already incurred. And de-instituting

numerous IPR petitions that a Board panel had already determined were meritorious does nothing to improve patent quality.

Moreover, the USPTO's propensity to forego formal rulemaking and instead subject petitioners to hastily announced sub-regulatory "guidance" without notice merits this Court's attention. The USPTO knows how to enact regulations. *See* 37 C.F.R. § 42.100-42.123. And it knows how to adopt prospective guidance. *See, e.g.*, Appx113, Appx115 (adopting processes for how "the Director *will* exercise her discretion on institution of AIA proceedings" going forward). This petition presents an ideal vehicle to establish that the APA and due-process requirements are mandatory, not advisory. Motorola is not asking the Court to "hamstring" the "current USPTO leadership," USPTOResp.35, only to hold the USPTO to well-established standards that apply to all agencies.

## CONCLUSION

The Court should grant Motorola's petition.

Dated: August 11, 2025     Respectfully submitted,

/s/ *Matthew J. Silveira*

Tharan Gregory Lanier     Matthew J. Silveira
JONES DAY     JONES DAY
1755 Embarcadero Road     555 California Street, 26th Floor
Palo Alto, CA 94303     San Francisco, CA 94104
(650) 739-3941     (415) 875-5715

John R. Boulé III     John A. Marlott
JONES DAY     JONES DAY
555 South Flower Street,     110 North Wacker Drive,
Fiftieth Floor     Suite 4800
Los Angeles, CA 90071     Chicago, IL 60606
(213) 489-3939     (312) 269-4236

*Counsel for Petitioner Motorola Solutions, Inc.*

## **CERTIFICATE OF COMPLIANCE**

The foregoing filing complies with the relevant type-volume and typeface limitations of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally-spaced typeface and includes 3,897 words, excluding the portions exempted by rule.


Date: August 11, 2025    Signature: */s/ Matthew J. Silveira*

Name:    Matthew J. Silveira

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on August 11, 2025.

Respectfully submitted,

*/s/ Matthew J. Silveira*
Matthew J. Silveira