No. 25-134

# United States Court of Appeals for the Federal Circuit

---

**IN RE MOTOROLA SOLUTIONS, INC.,**
*Petitioner*

---

*On Petitions for Writs of Mandamus from the United States Patent and Trademark Office, Patent Trial and Appeal Board, Nos. IPR2024-01205, IPR2024-01206, IPR2024-01207, IPR2024-01208, IPR2024-01284, IPR2024-01285, IPR2024-01313, and IPR2024-01314*

---

**ACACIA RESEARCH GROUP LLC'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF RESPONDENT ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

---

Jeffrey R. Bragalone
Daniel F. Olejko
Terry A. Saad
BRAGALONE OLEJKO SAAD PC
901 Main St., Ste. 3800
Dallas, Texas 75202
214-785-6670

*Counsel for Amicus Curiae
Acacia Research Group LLC*

Dated: August 11, 2025

## MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Pursuant to Federal Circuit Rule 29(a)(3) Acacia Research Group LLC ("ARG") respectfully moves the Court for leave to file the accompanying *amicus curiae* brief supporting Respondent Acting Director of the United States Patent & Trademark Office ("USPTO").

Respondent USPTO has indicated that it does not oppose ARG's request to file an *amicus curiae* brief. Petitioner Motorola Solutions, Inc. ("Motorola") and Respondent Stellar, LLC ("Stellar") have indicated that they consent to this Motion. This Motion is timely under Federal Circuit Rule 29(a)(3) because it is filed within seven days of the USPTO's principal brief.

### I. Statement of Interest of *Amicus Curiae*

ARG is a patent licensing company that enables leading innovators to recognize the value of their inventions. ARG and its innovation partners have an interest in a patent system that is predictable and fair. ARG has extensive experience with petitions for *inter partes* review and discretionary denial practice. Through its experience at the USPTO, ARG has gained a unique perspective on the impact of *inter partes* review and the Director's discretionary denial practice on patent owners. Accordingly, ARG seeks to support the USPTO's rescission of the Director's memorandum dated June 21, 2022.

## II. The Court Should Grant Leave to File the Accompanying *Amicus* Brief.

The accompanying brief is helpful and relevant to the Court's consideration of mandamus relief in this case based on ARG's experience as a patent owner and innovation partner. As explained in the accompanying brief, the USPTO Director's discretionary denial practice is an important feature of *inter partes* review that achieves the American Invents Act's stated goal of a more efficient and streamlined patent system, encourages innovation, and gives the USPTO Director necessary latitude in determining how to utilize the USPTO's limited resources. Notably, *inter partes* review is not the only avenue through which parties can challenge patents at the USPTO. Even if a petition for *inter partes* review is denied, patent challengers like Motorola may challenge the same claims through *ex parte* reexamination. For example, after Cisco Systems' petitions for *inter partes* review challenging patents belonging to ARG subsidiary Monarch Networking Solutions were discretionarily denied, Cisco refiled its IPR petitions as requests for *ex parte* reexamination. The USPTO gave Cisco the benefit of substantively examining the prior art and confirmed patentability of all challenged claims. Discretionary denials also allow trials to proceed instead of trapping patents into years of serial validity challenges. For example, in *Universal Electronics, Inc. v. Roku, Inc.*, Case No. 8:18-cv-01580 (C.D. Cal.), Roku's serial validity challenges, including thirteen IPRs (including four serial petitions) and five *ex parte* reexaminations, as well as six appeals to the

Federal Circuit, led to a district court stay of almost six years, with infringement still yet to be tried. Discretionary denials of Roku's petitions could have led to a trial of both infringement and validity around the scheduled trial date of June 2020.

## CONCLUSION

Based on the foregoing, Acacia Research Group LLC respectfully requests leave to file its accompanying brief as *amicus curiae*.

Dated: August 11, 2025                                        Respectfully submitted,

*/s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone
Daniel F. Olejko
Terry A. Saad
BRAGALONE OLEJKO SAAD PC
901 Main St., Ste. 3800
Dallas, Texas 75202
214-785-6670
214-785-6680
jbragalone@bosfirm.com
dolejko@bosfirm.com
tsaad@bosfirm.com

*Counsel for Amicus Curiae*
*Acacia Research Group LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 11, 2025

*/s/ Daniel F. Olejko*
Daniel F. Olejko
BRAGALONE OLEJKO SAAD PC

*Counsel for Amicus Curiae*
*Acacia Research Group LLC*

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

> _X_   The brief contains 505 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), or

> ___   The brief uses a monospaced typeface and contains ___ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

> _X_   The brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in a 14-point Times New Roman font or

> ___   The brief has been prepared in a monospaced typeface using _____ in a ___ characters per inch _____ font.

Dated: August 11, 2025        */s/ Daniel F. Olejko*
                              Daniel F. Olejko
                              BRAGALONE OLEJKO SAAD PC

                              *Counsel for Amicus Curiae*
                              *Acacia Research Group LLC*