No. 25-134

# United States Court of Appeals for the Federal Circuit

## IN RE MOTOROLA SOLUTIONS, INC.,
*Petitioner*

*On Petitions for Writs of Mandamus from the United States Patent and Trademark Office, Patent Trial and Appeal Board, Nos. IPR2024-01205, IPR2024-01206, IPR2024-01207, IPR2024-01208, IPR2024-01284, IPR2024-01285, IPR2024-01313, and IPR2024-01314*

**BRIEF OF *AMICUS CURIAE* ACACIA RESEARCH GROUP LLC IN SUPPORT OF RESPONDENT ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Jeffrey R. Bragalone
Daniel F. Olejko
Terry A. Saad
BRAGALONE OLEJKO SAAD PC
901 Main St., Ste. 3800
Dallas, Texas 75202
214-785-6670

*Counsel for Amicus Curiae
Acacia Research Group LLC*

Dated: August 11, 2025

**FORM 9. Certificate of Interest**　　　　　　　　　　　　　　　　Form 9 (p. 1)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-134

**Short Case Caption** In re: Motorola Solutions, Inc.

**Filing Party/Entity** Acacia Research Group LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/11/2025　　　　　　　　　Signature: /s/ Daniel F. Olejko

　　　　　　　　　　　　　　　　　Name: Daniel F. Olejko

FORM 9. Certificate of Interest                                   Form 9 (p. 2)
                                                                   March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☐ None/Not Applicable |
| Acacia Research Group LLC | Acacia Research Group LLC | Acacia Research Corporation |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest                                                   Form 9 (p. 3)
                                                                                  March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable      ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)   ☐ No   ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable      ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

# **TABLE OF CONTENTS**

IDENTITY AND INTEREST OF AMICUS CURIAE ............................................1

STATEMENT PURSUANT TO RULE 29(a)(4)(E) ...................................................1

SUMMARY OF ARGUMENT ..................................................................................1

ARGUMENT ..............................................................................................................2

CONCLUSION ...........................................................................................................8

CERTIFICATE OF SERVICE....................................................................................9

CERTIFICATE OF COMPLIANCE .......................................................................10

**Cases**

*Apple Inc. v. Fintiv, Inc.*,
  IPR2020-0019, Paper 11 (PTAB Mar. 20, 2020) ............................................4, 7

*Cisco Systems, Inc. v. Monarch Networking Solutions LLC*,
  IPR2020-01226, Paper 11 (PTAB Mar. 4, 2021) ................................................6

*Cisco Systems, Inc. v. Monarch Networking Solutions LLC*,
  IPR2020-01227, Paper 11 (PTAB Mar. 4, 2021) ................................................6

*Cisco Systems, Inc. v. Monarch Networking Solutions LLC*,
  IPR2020-01678. Paper 9 (PTAB Mar. 31, 2021) ................................................6

*In re Palo Alto Networks, Inc.*,
  44 F.4th 1369 (Fed. Cir. 2022) .....................................................................2, 5

*Mylan Laboratories Ltd. v. Janssen Pharmaceutica, N.V.*,
  989 F.3d 1375 (Fed. Cir. 2021) ........................................................................5

*NHK Spring Co., Ltd. v. Intri-Plex Techs., Inc.*,
  IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) ...............................................4

*Roku, Inc. v. Universal Electronics, Inc.*,
  No. 22-1058 (Fed. Cir. 2022) ...........................................................................4

*Thryv, Inc. v. Click-To-Call Technologies, LP*,
  590 U.S. 45 (2020) ...........................................................................................5

*Universal Electronics, Inc. v. Roku, Inc.*,
  No. 8:18-cv-01580 (C.D. Cal. Sept. 8, 2018) .................................................3, 4

*Universal Electronics, Inc. v. Roku, Inc.*,
  Nos. 21-1992; 21-1993; 21-1994; 21-2128; 21-2129 (Fed. Cir. 2021) .................4

**Statutes**

35 U.S.C. § 314(a) ................................................................................................9

## IDENTITY AND INTEREST OF AMICUS CURIAE

Acacia Research Group LLC ("ARG") is a patent licensing company that enables leading innovators to recognize the value of their inventions. ARG and its innovation partners have an interest in a patent system that is predictable and fair. ARG has extensive experience with petitions for *inter partes* review ("IPR") and discretionary denial practice.

## STATEMENT PURSUANT TO RULE 29(a)(4)(E)

No counsel for any party authored this brief in whole or in part. No party, counsel, or person other than ARG and its counsel contributed money to fund the preparation and submission of this brief.

## SUMMARY OF ARGUMENT

ARG writes in support of the USPTO Acting Director's broad discretion over IPR practice. ARG is a longtime partner to innovators and patent owners who often face IPR challenges to their inventions. ARG is in a unique position to provide the Court with specific examples of how affording the Director with broad, robust discretion over IPR institution decisions adds efficiency to the patent system while still affording challengers such as Motorola Solutions, Inc. ("Motorola") ample avenues to raise invalidity arguments. In seeking to constrain the Acting Director's broad discretion, Motorola's petition for mandamus overlooks many the significant consequences of doing so.

As ARG demonstrates below, limiting the Acting Director's broad discretion

over IPRs in favor of the regime demanded by Motorola would constrain the USPTO Acting Director's discretion in a way that will trap patents in years of seriatim validity challenges, creating an inefficient patent system in tension with the stated goals of the America Invents Act.

Mandamus relief is an extraordinary remedy that requires the petitioner to show that "(1) there are no other adequate means to attain the relief requested, (2) the right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *In re Palo Alto Networks, Inc.*, 44 F.4th 1369, 1374 (Fed. Cir. 2022). As amply demonstrated by the Acting Director's arguments in its August 4, 2025 Brief in Response, Motorola's petition fails every required element for mandamus relief. This brief focuses on the first requirement—that Motorola allegedly has no other adequate means to attain relief—and provides examples that counter the allegations of Motorola and other *amici* that, if Motorola or other patent challengers are denied an alleged "right" to an IPR, they will have no other recourse to challenge the validity of a patent.

## ARGUMENT

I. **Motorola's Petition Fails to Account for the Actual Consequences of Curtailing the USPTO Director's Broad Discretion Over IPRs.**

Motorola's petition challenges the discretionary denial of its IPR petitions. But curtailing the Director's broad discretion over institution decisions would necessarily return the patent system to the dark days of IPR practice where serial

2

validity challenges were common and both IPRs and the inevitable appeals from IPR decisions significantly delayed resolution of patent infringement claims that could have been more efficiently resolved with a single trial on infringement and validity.

Despite the intent to provide an efficient way to test patent validity, IPRs have led to serial validity challenges that often delay vindication of patent rights for years and waste the resources of both the USPTO and the parties.

For example, Universal Electronics, Inc. ("UEI") is an innovator in home entertainment and home automation control. UEI asserted nine patents against Roku, Inc. ("Roku") in a complaint filed in September 2018. *See Universal Elecs., Inc. v. Roku, Inc.*, No. 8:18-cv-01580 (C.D. Cal. filed Sept. 5, 2018). Roku challenged the asserted patents by filing over thirteen IPRs (including four serial petitions) and five *ex parte* reexaminations, which resulted in six appeals to this Court. *See Roku, Inc. v. Universal Elecs., Inc.*, No. IPR2019-01595 (P.T.A.B. filed Sept. 12, 2019); No. IPR2019-01608 (P.T.A.B. filed Sept. 13, 2019); Nos. IPR2019-01612, IPR2019-01613, IPR2019-01614, IPR2019-01615, IPR2019-01619, IPR2019-01620, IPR2019-01621 (P.T.A.B. filed Sept. 18, 2019); Nos. IPR2020-00951, IPR2020-00952, IPR2020-00953 (P.T.A.B. filed May 18, 2020), No. IPR2020-01012 (P.T.A.B. filed May 29, 2020); *Ex parte Universal Elecs., Inc.*, No. 90/019,072 (filed Apr., 21, 2022); No. 90/019,093 (filed June 27, 2022); No. 90/019,287 (filed Oct. 19, 2023); No. 90/019,483 (filed Apr. 15, 2024);

3

No. 90/019,585 (filed July 18, 2024); *Universal Elecs., Inc. v. Roku, Inc.*, Nos. 21-1992, 21-1993, 21-1994, 21-2128, 21-2129 (Fed. Cir. 2021); *Roku, Inc. v. Universal Elecs., Inc.*, No. 22-1058 (Fed. Cir. 2022).

Despite a rapidly approaching trial set for June 2020, and the parties' efforts to narrow the case for trial, the district court in *UEI v. Roku* stayed the litigation in November 2019 pending Roku's validity challenges to the patents in the U.S. Patent and Trademark Office. *See Universal Elecs., Inc. v. Roku, Inc.*, No. 8:18-cv-01580 (C.D. Cal. Nov. 4, 2019), ECF No. 143. *Nearly six years later*, the IPRs that prompted the stay concluded. While certain of the *ex parte* reexamination proceedings remain ongoing, the district court granted a contested motion to lift the stay, which allowed the parties to proceed towards trial on claims that survived the serial validity challenges. *See Universal Elecs., Inc. v. Roku, Inc.*, No. 8:18-cv-01580 (C.D. Cal. Jul. 29, 2025), ECF No. 197. As of the filing of this brief, no trial date is set.

Institution decisions on Roku's first wave of IPRs occurred in March 2020, shortly before *Apple Inc. v. Fintiv, Inc.*, IPR2020-0019, Paper 11 (P.T.A.B. Mar. 20, 2020), was designated precedential in May 2020.[1] Under the guidance of *Fintiv* and

---

[1] The institution decisions were issued after *NHK Spring Co., Ltd. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018), was designated precedential in May 2019.

the current guidelines promulgated by the Acting Director, Roku's petitions may have been discretionarily denied. A discretionary denial of Roku's petitions would have allowed a trial of both infringement and validity in 2020 (or 2021, accounting for a delay from the COVID-19 pandemic). Further, both infringement and validity may have been appealed to the Federal Circuit together, leading to a final resolution by 2023 or 2024. Instead, the parties have yet to litigate infringement, which may finally reach trial in 2026 with the conclusion of any resulting appeal likely taking until 2028, 2029, or later.

Adding years of litigation and multiplying proceedings that could have been resolved in a single district court trial is not efficient and fails to promote the stated goal of the America Invents Act to create an "efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Thryv, Inc. v. Click-To-Call Techs. LP*, 590 U.S. 45, 54-55 (2020).

## II. Patent Challengers Such as Motorola Have Adequate Alternative Means to Test Patent Validity.

Motorola has no "clear and indisputable right to relief" because it has no right to institution of a petition for *inter partes* review. *See Mylan Labs. Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). Among the requirements that petitioners must show is the requirement that to demonstrate that "there are no other adequate means to attain the relief requested." *In re Palo Alto Networks, Inc.*, 44 F.4th at 1374.

Motorola has adequate means to attain the relief requested because it may challenge Stellar's patents in other ways, including litigation at the district court or by requesting *ex parte* reexamination before the USPTO. Indeed, ARG has relevant firsthand experience demonstrating that patent challengers frustrated by discretionary denials of IPR petitions do in fact avail themselves of the USPTO's alternative means to challenge validity.

In 2019, ARG subsidiary, Monarch Networking Solutions LLC ("Monarch"), acquired patents from Orange Telecom, an innovator in IP networking. After Monarch asserted patents against Cisco Systems, Cisco filed IPR petitions challenging the asserted patents. The PTAB discretionarily denied three of the petitions (the fourth and final was settled and dismissed). *See Cisco Sys., Inc. v. Monarch Networking Sols. LLC,* IPR2020-01226, Paper 11 (P.T.A.B. Mar. 4, 2021); IPR2020-01227, Paper 11 (P.T.A.B. Mar. 4, 2021); IPR2020-01678, Paper 9 (P.T.A.B. Mar. 31, 2021). Within weeks, Cisco refiled each denied petition as a request for *ex parte* reexamination. *See Ex parte Monarch Networking Sols. LLC*, No. 90/014,701 (filed Mar. 12, 2021); No. 90/014,700 (filed Mar. 12, 2021); No. 90/014,717 (filed Apr. 2, 2021). The USPTO ordered reexamination on each patent and afforded Cisco the benefit of substantively examining the prior art. Nevertheless, the USPTO ultimately confirmed the patentability of all challenged claims.

Just like Cisco, Motorola is free to refile its denied IPR petitions as requests for *ex parte* reexamination and thereby benefit from the USPTO's substantive examination of the prior art.

Monarch's ultimate success over Cisco's serial validity challenges also disproves an argument raised by an *amicus* supporting Motorola in this proceeding. Without evidence or authority, Computer & Communications Industry Association asserts that "*every* discretionary denial is an admission by the USPTO that the patent is likely invalid but that they will still refuse to review it." Doc. 15-2 at 7 (emphasis in original). This contradicts the USPTO's precedential guidance and the reality of how the Director actually determines discretionary denials. The Director's decision of whether to exercise its discretion to deny institution under § 314(a) is based on a "balanced assessment of all relevant circumstances in the case, including the merits." *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 15 (P.T.A.B. Mar. 20, 2020). In *Cisco v. Monarch*, the Director applied the *Fintiv* factors including assessing the merits of the petition. *See, e.g.*, IPR2020-01227, Paper 11 at 16 (P.T.A.B. Mar. 4, 2021) ("[W]e do not find that the merits outweigh the other *Fintiv* factors."). This assessment was ultimately vindicated by Monarch's success in prevailing over the *ex parte* reexaminations.

## **CONCLUSION**

Constraining the Acting Director's discretion to deny institution of an IPR will lead to increased IPR institutions that burden the USPTO's limited resources, promote serial validity challenges, and cause an inefficient bifurcation of validity and infringement determinations. Accordingly, ARG respectfully urges the Court to confirm that the Director retains broad discretion over institution of IPRs.

Dated: August 11, 2025                    Respectfully submitted,

*/s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone
Daniel F. Olejko
Terry A. Saad
BRAGALONE OLEJKO SAAD PC
901 Main St., Ste. 3800
Dallas, Texas 75202
214-785-6670
214-785-6680
jbragalone@bosfirm.com
dolejko@bosfirm.com
tsaad@bosfirm.com

*Counsel for Amicus Curiae*
*Acacia Research Group LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: August 11, 2025  	 */s/ Daniel F. Olejko*
Daniel F. Olejko
BRAGALONE OLEJKO SAAD PC

*Counsel for Amicus Curiae
Acacia Research Group LLC*

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e).

  _X_   The brief contains 1,642 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), or

  ___   The brief uses a monospaced typeface and contains ___ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

  _X_   The brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in a 14-point Times New Roman font or

  ___   The brief has been prepared in a monospaced typeface using _____ in a ___ characters per inch _____ font.

Dated: August 11, 2025

*/s/ Daniel F. Olejko*
Daniel F. Olejko
BRAGALONE OLEJKO SAAD PC

*Counsel for Amicus Curiae*
*Acacia Research Group LLC*